IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FERNANDEZ URSERY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-cv-537-JPG |
| ) | |
| **DONALES GATES, et al.,** ) | |
| ) | |
| Respondents. ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner Fernandez Ursery, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. He seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and the Court finds that he is indigent. Therefore, the motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

### THE PETITION

In 2003, Ursery was convicted of first degree murder in St. Clair County, Illinois; he is currently serving a 50-year sentence. After pursuing his direct appeal and a post-conviction proceeding in state court, Ursery now presents 10 separate grounds for relief in his federal habeas corpus petition:

- ineffective assistance of counsel in failing to file a timely motion to suppress evidence;

- ineffective assistance of counsel in failing to review discovery to learn of other fingerprints at the scene;

- ineffective assistance of counsel in failing to conduct pre-trial investigation of another possible suspect;

- ineffective assistance of counsel in failing to order independent forensic tests of fingerprints;

- ineffective assistance of counsel in failing to call certain witnesses;

- ineffective assistance of counsel in failing to move for dismissal based up violation of his right to a speedy trial;

- ineffective assistance of counsel in failing to move for dismissal based upon double jeopardy;

- ineffective assistance of counsel in failing to investigate and discredit state's witness;

- violation of due process due to confiscation and disposition of weapons; and

- ineffective assistance of counsel in failure to object to certain evidence.

### APPOINTMENT OF COUNSEL

Before the Court is Ursery's motion for appointment of counsel (Doc. 3). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). While civil litigants do not have a constitutional or statutory right to counsel, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Appointment of counsel for a habeas petitioner is within the district court's discretion and is governed by standards similar to those followed in other civil cases. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

When presented with a request to appoint counsel in a civil case, the Court must make the

following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, it appears Ursery has attempted to obtain counsel, but his efforts have been unsuccessful.

With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.*; *see also Santiago*, 599 F.3d at 762-64. At this point in time, it is difficult for the Court to assess this factor. *See Romanelli v. Suliene*, __ F.3d __, 2010 WL 3155926 (7th Cir. Aug. 11, 2010) (noting infancy of case makes it impossible to make accurate determination of plaintiff's abilities to litigate case). The petition appears to be coherent, and the Court is able to comprehend the gist of Ursery's claims without much difficulty. At this time, Respondent has not yet filed a reply or answer to the petition. While counsel might be helpful to Ursery if an evidentiary hearing is held, the Court has not yet determined whether an evidentiary hearing will be required for this case. Future developments may change the Court's mind on whether counsel should be appointed or not. At this early stage and time, though, the Court concludes that Ursery appears to be competent to litigate his case. Therefore, his motion for appointment of counsel is **DENIED**, without prejudice.

### **PARTIES**

Before further proceedings are ordered, a few words about the named respondents are necessary. Ursery names as a respondent not only the warden of his prison but also Lisa Madigan, the Attorney General of Illinois. This practice is quite common among *pro se* litigants in this

District, but the only proper respondent in a collateral attack is Ursery's custodian. As stated clearly by the Seventh Circuit,

> The Attorney General of [Illinois] is the state's lawyer, not the prisoner's custodian. If the petitioner is in prison, the warden is the right respondent. If the petitioner is on parole, the parole board or equivalent should be named. *A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody.*

*Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (emphasis added). *See also Cruz v. Warden of Dwight Correctional Center,* 907 F.2d 665, 665 n. 1 (7th Cir. 1990); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. Because Ursery is incarcerated, the only proper respondent is Warden Gates. Attorney General Madigan is **DISMISSED** as a party and should not appear as a litigant in any future § 2254 case except under the conditions specified in Rule 2(b).

### DISPOSITION

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing

party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: October 21, 2010.**

                                                   **s/ J. Phil Gilbert**
                                                   **U. S. District Judge**