IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FERNANDEZ USERY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:10-cv-537-DRH-DGW |
| ) | |
| DONALES GATES, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by Petitioner, Fernandez Ursery, on July 20, 2010 (Doc. 1). For the reasons set forth below, it is **RECOMMENDED** that the Petition be **DENIED**, that this matter be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Petitioner was found guilty of first-degree murder in the May 19, 2002 shooting death of Henry Carpenter and sentenced to 50 years' incarceration. He has filed a Petition for a Writ of Habeas Corpus alleging various grounds for relief including ineffective assistance of counsel and a speedy trial violation. The trial in this matter contained a significant cast of characters, a confession, a jailhouse informant, and various expert witnesses. By way of summary, Petitioner admitted to having shot Carpenter over stolen drugs and went through a number of ineffectual steps to conceal the crime. Respondent has filed an Answer asserting that Petitioner has either

procedurally defaulted claims or that they are without merit.

Petitioner was convicted on October 31, 2003. He filed a direct appeal on September 29, 2004 (Doc. 18-3), and a supplemental brief on July 20, 2005 (Doc. 18-4). In his briefs, Petitioner made three claims:

> 1. He was denied a fair trial when a rubber glove that was discovered 6 months after the murder was entered into evidence.
>
> 2. The trial court erred in allowing testimony (and subsequent closing argument reference) of a prior consistent statement made by a State's witness; and, trial counsel was ineffective for failing to object.
>
> 3. His speedy trial rights were violated and trial counsel was ineffective for failing to seek dismissal on speedy trial grounds.

In affirming the conviction, the Illinois Court of Appeals held that there was sufficient evidence connecting the glove to the Petitioner and the crime, thus making it admissible evidence. *People v. Ursery*, 848 N.E.2d 146, 152-153 (Ill. App. Ct. 2006). The Court went on to hold that the State witness' testimony did not reveal the substance of the prior consistent statement; and, in any event, there was a suggestion by Petitioner that the witness derived a benefit from his statement, thus allowing for an exception to the rule that such statements are inadmissible. *Id.* at 153. In light of this conclusion, the Court did not address the related ineffective assistance of counsel argument. *Id.* As to the speedy trial arguments, the Court noted that Petitioner was initially charged with aggravated discharge of a firearm and aggravated unlawful use of a weapon and was only charged with murder three months later, after he had made an inculpatory statement to the jailhouse informant. The Court held that Petitioner's speedy trial rights (which provides that Petitioner should be brought to trial within 120 days of detention) were not violated because the murder charge was not known (even though it may have been suspected) at the time of his arrest; thus,

2

there was no requirement that it be joined to the weapons charges. *Id.* at 154-155. In light of this conclusion, the Court necessarily found that Petitioner's counsel was not ineffective for failing to raise this claim. *Id.* at 154.

In his Petition for Leave to Appeal, Petitioner only raised the speedy trial issue and the related ineffectiveness claim (Doc. 18-14). The PLA was denied on September 27, 2006. *People v. Ursery*, 857 N.E.2d 682 (table) (Ill. 2006).

Petitioner filed a post-conviction petition with the trial court on March 15, 2007 (Doc. 18-10, p. 3). This *pro se* petition has not been submitted with the Answer. The petition was summarily denied by the trial court (*Id.*). In a brief on appeal, filed on December 16, 2008, Petitioner only argued that the trial court erred in summarily dismissing his petition because he stated a claim and presented evidence showing that the State elicited false testimony from a State's witness, the jailhouse informant, regarding a prior conviction (Doc. 18-1, p. 12). The Illinois Court of Appeals found that Petitioner had forfeited this claim by failing to raise it on direct appeal of his conviction (Doc. 18-10, p 5-6). The Court also went on to find that false testimony had, in fact, not been elicited (*Id.*). In an April 10, 2009 *pro se* Petition for Leave to Appeal, Petitioner again raised the claim regarding the false testimony and included various claims of ineffective assistance of counsel (Doc. 18-11). The PLA on post-conviction was denied on September 30, 2009. *People v. Ursery*, 919 N.E.2d 363 (table) (Ill. 2009).

In his Petition before this Court, Petitioner makes the following claims:

1. Trial counsel was ineffective for failing to file a motion to suppress the rubber glove found 6 months after the murder.

2. Trial counsel was ineffective for failing to review certain fingerprint evidence.

3. Trial counsel was ineffective for failing to investigate the possibility of another

suspect in the crime.

4. Trial counsel was ineffective for failing to submit fingerprint evidence to an expert

5. Trial counsel was ineffective with respect to a "right to compulsory process."

6. His speedy trial rights were violated and trial counsel was ineffective for failing to raise this claim.

7. Trial counsel was ineffective for failing to move for dismissal on double jeopardy grounds.

8. Trial counsel was ineffective for failing to review or present evidence regarding the jailhouse informant's criminal history.

9. An unclear claim regarding the weapon used in the crime.

10. Trial counsel was ineffective for failing to object to a discovery violation involving a glove.

Petitioner offers no argument in his Petition but he does attach various pieces of evidence, court filings, and transcripts. In his Answer, Respondent states that most of these claims are procedurally defaulted and that the only claims that have been preserved are related to the alleged speedy trial violation (number 6 above). As to those claims, Respondent argues that the underlying speedy trial violation is not cognizable on habeas review and that his counsel was not ineffective for failing to raise the claim.

### CONCLUSIONS OF LAW

Title 28 U.S.C. §2254 provides that the Court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of the State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Accordingly, "[f]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law." *United States ex rel. Lee v. Flannigan*, 884 F.2d 945, 952

4

(7th Cir. 1989). Before seeking such relief, a petitioner is required to exhaust available state remedies. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

The exhaustion requirement obliges Petitioner to "fairly present his federal claims to the state courts by arguing both the law and the facts underlying them." *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010). Fair presentment requires that Petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In asserting an ineffective assistance of counsel argument, Petitioner is also required to raise each "specific ground for ineffectiveness." *Everett v. Barnett*, 162 F.3d 498, 502 (7th Cir. 1998).

Petitioner failed to raise claims 1-5, 7, 9, and 10 in one complete round of state court review. These claims are procedurally defaulted. With respect to claim 8, Petitioner failed to raise this claim before the state courts. As indicated above, the Plaintiff claimed on state post-conviction review, that his due process rights were violated when the prosecution elicited "false" testimony from a witness regarding a prior conviction. The Illinois Court of Appeals found that this claim was without merit and had been forfeited. Before this Court, in claim 8, Petitioner alleges an ineffective assistance of counsel claim with respect to investigation into the witness' criminal history. This claim never was raised before the state courts and is also procedurally defaulted.

In order to preserve defaulted claims, Petitioner must show cause and prejudice that would excuse the default. *See Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010).

> Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner for presented his claim. Prejudice is established by showing that the violation of the petitioner's federal rights worked to his actual and substantial disadvantage, infecting his entire trial with error of

       constitutional dimensions.  *Id.* (internal citations and editing marks omitted).

In his reply brief (Doc. 20) Petitioner asserts that the default should be excused because direct appellate counsel failed to raise the various claims that he raises in his Petition before this Court (namely related to trial counsel's ineffectiveness).  A claim of ineffective assistance of counsel can be sufficient cause to excuse procedural default.  *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009).  However, the claim that appellate counsel was ineffective must also have been raised before the state courts in order to function as cause for defaulting claims related to trial counsel's ineffectiveness.  *Id.*  The claim that appellate counsel was ineffective for failing to raise various claims never was raised through one complete round of state court review.  Petitioner has therefore procedurally defaulted claims related to appellate counsel's ineffectiveness.  He also has not shown cause and prejudice for this discrete default.

       The only claims that remain, then, are Petitioner's assertion that his speedy trial rights were violated and that his trial counsel was ineffective for failing to raise the claim.

       Petitioner's underlying speedy trial claim cannot be considered by this Court.  When Petitioner made this claim before the state courts it was based on violations of Illinois' Speedy Trial Act and the "compulsory joinder provision" of Illinois' Criminal Code.  725 ILL. COMP. STAT. § 5/103-5; 720 ILL. COMP. STAT. § 5/3-3.  In ruling on this claim, the Illinois Court of Appeals held:

> In the instant case, on May 19, 2002, the defendant was arrested, and on May 21, 2002, he was charged with [the weapons offenses].  On May 19, 2002, the defendant claimed that he had shot a gun in the victim's direction in self-defense and that he had heard another person fire the gun several times as he ran from the scene.  Hence, on May 21, 2002, the State did not know all the facts surrounding the murder.  Although the State might have suspected that the defendant had planned to kill Henry, it was not until the defendant bragged to Pruitt[, the jailhouse informant,] in June of 2002 that the State's evidence indicated that the defendant

6

>committed murder. Because the murder offense was not 'known to the proper prosecuting officer at the time of commencing the prosecution' . . . , it was not subject to compulsory joinder, and the defendant's right to a speedy trial on the murder count was not violated. *People v. Ursery*, 848 N.E.2d at 155.

Before this Court, Petitioner similarly claims that his speedy trial rights were violated when he was not brought to trial within the 120 days mandated by state statute. Petitioner has made no claim that his Constitutional right to a speedy trial was violated. *See e.g. West v. Symdon*, 689 F.3d 749 (7th Cir. 2012). "It is not the province of a federal habeas court to reexamine state-court determinations of state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-58 (1991). Petitioner's underlying speedy trial claim should not be considered by this Court.

Petitioner also has claimed, however, that trial counsel was ineffective for failing to raise his speedy trial issue. In reviewing this claim, the state court essentially found that trial counsel was not ineffective for failing to seek dismissal on grounds that were futile. In particular, the state court found that a motion to discharge Petitioner would not have been successful because the State did not have the requisite knowledge of facts to charge Petitioner with murder on the date of his arrest on the weapons charges. Thus, there was no requirement that the State join the murder charge to the weapons charges and, therefore, no speedy trial violation when Petitioner was not brought to trial for murder within 120 days of his initial arrest. The necessary conclusion is that Petitioner was not prejudiced by the failure of trial counsel to raise a motion that would have been denied.

To succeed on a claim that trial counsel was ineffective before this Court, then, Petitioner must show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). An "unreasonable application" is where the state court identifies the correct

7

legal rule but applies it in an "objectively unreasonable" manner. *Williams v. Taylor*, 529 U.S. 362, 409-410 (2000). Ineffective assistance of counsel claims are analyzed under the familiar standard: counsel's representation must be objectively unreasonable and there must be a showing of actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-688, 691-692 (1984). Petitioner has made no showing that the state court erred in its application of *Strickland*. Pursuant to the state court's interpretation of state law, Petitioner's murder charge was not required to be joined to the weapons charges such that the speedy trial clock would have started to run on the date of his initial arrest. A motion for discharge based on such a claim would therefore have been futile and Petitioner's counsel cannot be found ineffective for failing to pursue a futile motion. *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.").

Finally, Respondent argues that a certificate of appealablity should not issue in this case. Title 28 United States Code § 2253(c)(2) provides that a certificate should only issue if there is a "substantial showing of the denial of a constitutional right." Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists would not debate as whether the petition should be resolved in a different manner. *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000). Petitioner has defaulted a majority of his claims and offers no viable cause or prejudice for the default. Petitioner's speedy trial claim is also without merit. Therefore, this Court recommends that Petitioner should not be encouraged further.

### RECOMMENDATIONS

For the reasons set forth above, it is **RECOMMENDED** that the Petition (Doc. 1) be **DENIED**, that this matter be **DISMISSED**, and that the Court adopt the foregoing findings of fact

and conclusions of law.

Once the District Court makes a final decision and if it is adverse to Petitioner, this Court further **RECOMMENDS** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 2, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**