IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FERNANDEZ URSERY,

Petitioner,

v.

RICK HARRINGTON,[1]

Respondent.                                             Case No. 10-cv-537-DRH-DGW

## MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I.   Introduction

Before the Court is a Report and Recommendation (R&R) (Doc. 26) of United States Magistrate Judge Donald G. Wilkerson, issued pursuant to 28 U.S.C. § 636(b)(1)(B), recommending denial of petitioner Fernandez Ursery's § 2254 *habeas* petition, dismissal of this matter, and denial of a certificate of appealability (COA).

The R&R was sent to the parties, informing them of their right to file "objections" within fourteen days of service of the R&R. Since the filing of the R&R, Ursery has filed four documents. First, a document titled, "Recommendation," construed as a motion to appoint counsel which includes vague objections to certain factual findings of the R&R (Doc. 27). Second, a

---

[1] Rick Harrington is substituted as the respondent herein, *see* Rule 2(a) of the Rules Governing Section 2254 cases in the United States District Courts; Fed. R. Civ. P. 25(d)(1); *Bridges v. Chambers,* 425 F.3d 1048, 1049-50 (7th Cir. 2005). **The Clerk is instructed to change the docket sheet accordingly.**

document titled, "Motion for Objection Thereto" (Doc. 28). Ursery requests that the Court file a written objection to the R&R. However, this document does not contain specific objections to the R&R. Third, Ursery filed another "Motion for Appointment of Counsel" (Doc. 29). And finally, Ursery again filed a document titled, "Motion to File Written Objection Thereto," without any inclination as to what portion of the R&R Ursery finds objectionable (Doc. 30).

Generally, this Court will only undertake *de novo* review of specifically objected-to portions of the R&R. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court need not conduct a *de novo* review of the findings of the R&R for which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). Instead, the Court can simply adopt these findings after review for clear error. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Although Ursery has not made specific objections, except his objections to certain findings of fact stated in the R&R, it seems clear to the Court that his intention in filing multiple documents titled, "Motion to File Written Objection," was to object to the R&R's legal conclusion that his claims should be dismissed. Thus, the Court shall review the R&R's overall legal conclusions *de novo*.

## II. **Findings of Fact**

Ursery seemingly objects to the R&R's statement that Ursery "was found guilty of first-degree murder" (Doc. 27, p. 2). A review of the record clearly

demonstrates Ursery was in fact found guilty of first-degree murder in the shooting death of Henry Carpenter (Carpenter). Secondly, construing Ursery's "objections" as liberally as possible, he generally objects to the R&R's findings of fact, as he takes issue with the R&R's factual finding, as characterized by Ursery, "that the state did not have evidence to charge Fernandez Ursery with murder at the commencing[sic] the prosecution until [Shawn Pruitt (Pruitt)] made a statement" (Doc. 27, p. 2). It seems Ursery is alluding to his claim that his Illinois speedy trial rights were violated by the trial court. In summarizing the Illinois Court of Appeals' decision affirming Ursery's conviction, the R&R states,

> [T]he Court noted that Petitioner was initially charged with aggravated discharge of a firearm and aggravated unlawful use of a weapon and was only charged with murder three months later, after he had made an exculpatory statement to the jailhouse informant [Pruitt]. The Court held that Petitioner's speedy trial rights (which provides that Petitioner should be brought to trial within 120 days of detention) were not violated because the murder charge was not known (even though it may have been suspected) at the time of the arrest.

(Doc. 26, p. 2). A review of the Illinois Court of Appeals' decision demonstrates this is an accurate summary of the appellate court's finding that Ursery's speedy trial rights were not violated. Ursery was initially charged on May 21, 2002. Pruitt acknowledged on June 24, 2002, that he gave a written statement to the police about Ursery's confession to Carpenter's murder. Thus, on August 26, 2002, the State added the first-degree murder charge against Ursery. The appellate court found that while the State might have suspected that Ursery had planned to kill Carpenter, it was not until Ursery "bragged" to Pruitt in June 2002 that the State's

evidence indicated that Ursery committed murder. Accordingly, the murder was not subject to compulsory joinder, and Ursery's right to a speedy trial on the murder count was not violated. *See People v. Ursery,* 848 N.E.2d 146, 155 (Ill. App. Ct. 2006) (citing 720 ILCS 5/3-3(b) (West 2002)). As the Court has reviewed, to the best of its ability, Ursery's specific objections to the R&R's findings of fact, it **ADOPTS** the R&R's findings of fact as its own and will not recite them fully here. The Court refers the reader to the R&R for a more complete summary of the factual and procedural background of these proceedings.

### III.  Legal Conclusions

Ursery's petition raises the following claims:

1. Trial counsel was ineffective for failing to file a motion to suppress evidence obtained in violation of the Fourth Amendment.

2. Trial counsel was ineffective for failing to review certain fingerprint evidence.

3. Trial counsel was ineffective for failing to investigate the possibility of another suspect in the crime.

4. Trial counsel was ineffective for failing to submit fingerprint evidence to an expert.

5. Trial counsel was ineffective with respect to a "right to compulsory process."

6. His speedy trial rights were violated and trial counsel was ineffective for failing to raise this claim.

7. Trial counsel was ineffective for failing to move for dismissal on double jeopardy grounds.

8. Trial counsel was ineffective for failing to review or present evidence regarding Pruitt's criminal history.

9. An unclear claim regarding the weapon used in the crime.

> 10. Trial counsel was ineffective for failing to object to a discovery violation involving a glove.

The standards of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, govern this Court's review of Ursery's claims. Under the AEDPA, a petitioner must demonstrate that the state court reached a decision on the merits of a claim that was either (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Martin v. Grosshans*, 424 F.3d 588, 590 (7th Cir. 2005) (citing 28 U.S.C. § 2254(d)).

"A state petitioner seeking a writ of *habeas* corpus in federal court must first exhaust the remedies available to him in state court, 28 U.S.C. § 2254(b)(1)(A), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Cheeks v. Gaetz,* 571 F.3d 680, 685 (7th Cir. 2009) (citations and internal quotations omitted). Specifically, a *habeas* petitioner must fully and fairly present his federal claims through one full round of state-court review before he files his federal *habeas* petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Gray v. Hardy,* 598 F.3d 324, 327 (7th Cir. 2010). "[W]hen a petitioner has exhausted his state court remedies and failed to properly assert his federal claims at each level of review, those claims are procedurally defaulted." *Woods v. Schwartz,* 589 F.3d 368, 373

(7th Cir. 2009). Procedural default precludes federal court review of a petitioner's *habeas* claims. *See Ward v. Jenkins,* 613 F.3d 692, 696 (7th Cir. 2010).

The R&R finds Ursery's claims 1-5, 7, 8, 9, and 10 are procedurally defaulted as they were not presented through one full round of state court review. In thoroughly reviewing the record, the Court is in agreement. On direct review, Ursery raised only two claims in both the Illinois Appellate and Supreme Courts: (1) that the State violated his statutory speedy-trial right; and (2) that his trial counsel was ineffective for failing to move for dismissal based on that violation. *Ursery,* 848 N.E.2d. at 154-55; (Doc. 18-4, p. 1-2); (Doc. 18-14, p. 3).

Of the claims Ursery advanced on post-conviction review, none are preserved. The sole claim Ursery raised at all three levels of state court review was Ursery's claim that Pruitt's "perjured" testimony that he was on a probation for a misdemeanor rather than a felony violated his right to due process (Doc. 18-15, p. 259); (Doc. 18-1, p. 12); (Doc. 18-11, p. 5). The Illinois Appellate Court held he "forfeited" this claim according to Illinois procedural law because Ursery failed to raise it on direct appeal, despite his ability to do so. Moreover, the appellate court went on to note that the record before the trial court established that the "State had not falsely represented the nature of Pruitt's Boone County, Missouri, conviction and that defense counsel was aware of that fact." (Doc. 18-10, pp. 5-6). Thus, a claim by Ursery alleging that Pruitt's "perjured" testimony referenced above violated his right to due process would not be reviewable here. *Woods v. Schwartz,* 589 F.3d 368, 373 (7th Cir. 2009) ("[W]hen a state refuses to

adjudicate a petitioner's federal claims because they were not raised in accord with the state's procedural rules, that will normally qualify as an independent and adequate state ground for denying federal review. . . . Such claims are commonly referred to as being procedurally defaulted.") (citations omitted). Ursery's claim 8, arguing that trial counsel was ineffective for failing to review or present evidence regarding Pruitt's criminal history is also procedurally defaulted as it was not sufficiently raised before the state courts.

The Court is also in agreement with the R&R in finding that Ursery has not sufficiently demonstrated the cause and prejudice necessary to excuse procedural default. *See Thompkins v. Pfister,* 698 F.3d 976, 987 (7th Cir. 2012). By way of explanation:

> Cause for a default is ordinarily established by showing that some type of "external impediment" prevented the petitioner from presenting his claim. Prejudice is established by showing that the violation of the petitioner's federal rights "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."

*Id.* (citing *Promotor v. Pollard,* 628 F.3d 878, 887 (7th Cir. 2010)(emphasis in original) (additional citations omitted)). While Ursery's petition does not reference cause or prejudice for his failure to raise his defaulted claims (and thus, respondent was not able to address such allegations), Ursery's reply cites his appellate counsel's failure to raise various claims he brings in his petition before this Court as providing the "cause" necessary to excuse his default. The Court is in agreement with the R&R that Ursery's claim that his appellate counsel was ineffective for failing to raise various issues was never raised through one full

round of state court review. Thus, Ursery has also procedurally defaulted claims related to his appellate counsel's ineffectiveness. *See Smith v. Gaetz,* 565 F.3d 346, 352 (7th Cir. 2009) ("[T]he assertion of ineffective assistance as a cause to excuse procedural default in a § 2254 petition, is, itself, a constitutional claim that must have been raised before the state court or be procedurally defaulted.") (citation omitted). He has not shown cause and prejudice for this default.

Thus, as the R&R concludes, Ursery's only remaining claims are his assertions that his speedy trial rights were violated and that his trial counsel was ineffective for failing to raise the claim. As to Ursery's claim that his rights under the Illinois Speedy Trial Act, 725 ILL. COMP. STAT. § 5/103-5; 720 ILL. COMP. STAT. § 5/3-3, were violated, the Court agrees that Ursery's claim is not reviewable by this Court. Ursery made no claim that his constitutional right to a speedy trial was violated and this Court will not reevaluate a state-court determination of a state-law question. *Bloyer v. Peters*, 5 F.3d 1093, 1098 (7th Cir. 1993) (a federal court cannot reexamine state court determinations on state law questions in order to grant habeas relief) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991); *Reed v. Clark*, 984 F.2d 209, 210 (7th Cir. 1993)).

Ursery additionally alleges that his trial counsel was ineffective for failing to raise a speedy trial claim. To succeed in an ineffective assistance of counsel claim, a petitioner must demonstrate (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v.*

*Washington*, 466 U.S. 668, 694 (1984). To satisfy the first prong, "the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. To satisfy the second prong, a petitioner must demonstrate to a "reasonable probability" that without the unprofessional errors, "the result of the proceeding would have been different." *Id.* at 696.

In Ursery's case, the Illinois Appellate Court found that because the murder offense was not "known to the proper prosecuting officer at the time of commencing the prosecution," it was not subject to compulsory joinder and thus Ursery's right to a speedy trial on the murder count was not violated. *Ursery*, 848 N.E.2d. at 55. The appellate court did not directly address whether Ursery's trial counsel was justified in declining to move for a speedy trial, because a motion to discharge would not have been successful. *Id.* Thus, in essence, the Illinois Appellate Court found Ursery's trial counsel was not ineffective for failing to move for relief which would not have been granted. This decision of the Illinois Appellate Court was not "contrary to" or "an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Because Ursery's murder charge was not required to be joined to the weapons charges, a motion to discharge for a violation of the Illinois Speedy Trial Act would have been futile. Thus, the appellate court's decision was not in error under the analysis of *Strickland*. *See Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at

trial or on appeal, does not constitute ineffective assistance of counsel."); *Strickland*, 466 U.S. at 694. Thus, Ursery has not presented a claim capable of providing him the relief he seeks. Accordingly, the Court **ADOPTS** the R&R's recommendation that Ursery's § 2254 petition be **DENIED**.

## IV. Appointment of Counsel

After the filing of the R&R, Ursery filed two documents which the Court construes as motions to appoint counsel (Docs. 27, 29). As the Court has previously informed Ursery, a litigant is not entitled to appointed counsel in a federal post-conviction proceeding. *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *Powell v. Davis,* 415 F.3d 722, 727 (7th Cir. 2005). The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking *habeas* relief under 28 U.S.C. § 2254. This section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." *See* 18 U.S.C. § 3006A(a)(2). Appointing counsel for *pro se* petitioners in *habeas* cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997).

Ursery's indigence aside, the Court finds counsel is not required "in the interests of justice" at this late juncture. The majority of Ursery's claims are procedurally barred and the rest are clearly without merit. Counsel's assistance at an earlier stage would not have changed this result. The Court and respondent

were able to determine the gist of Ursery's claims without assistance of counsel. Further, concerning Ursery's request for an evidentiary hearing, the Court finds that pursuant to Rule 8(a) of the Rules Governing § 2254 Cases, a hearing is not warranted, as petitioner's claims are either procedurally defaulted or facially without merit. Thus, on the basis of the above, the Court finds appointment of counsel would not serve "the interests of justice" in this instance. Thus, Ursery's motions for appointment of counsel (Docs. 27, 29) are **DENIED**.

## V. Certificate of Appealability

Lastly, "[t]he district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. A COA may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the Court denies a petitioner's § 2254 petition on the merits and not merely for procedural reasons, the Supreme Court has found "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When the district court denies a petition on procedural grounds, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* In this case, Ursery has not

made the requisite showing under § 2253(c)(2). Ursery's claims are either procedurally defaulted, without a sufficient showing of cause and prejudice, or clearly without merit. Reasonable jurists would not debate these findings. Thus, the Court **ADOPTS** the R&R's recommendation that the Court **DENY** Ursery a COA.

## VI.   Conclusion

For the reasons discussed herein, the Court **ADOPTS** the findings of the R&R (Doc. 26) over Ursery's general objections (Doc. 27, 28, and 30). Ursery's requests for appointment of counsel are also **DENIED** (Docs. 27, 29). Thus, Ursery's § 2254 petition (Doc. 1) is **DENIED**. Accordingly, Ursery's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 27th day of June, 2013.

David R. Herndon
2013.06.27
15:33:47 -05'00'

**Chief Judge**
**United States District Court**